NOT DESIGNATED FOR PUBLICATION

No. 127,632

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ANTHONY BOOKER JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed May 30, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: James Anthony Booker Jr., while on probation, was indicted for conspiracy to smuggle drugs into a detention center in Jackson County, Missouri. He now timely appeals the district court's revocation of his probation. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. Finding the district court did not abuse its discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, Booker, pursuant to a plea agreement, pled guilty to one count of distribution of cocaine, a severity level 3 drug felony, for acts committed in May 2018. In April 2021, the district court sentenced Booker to 68 months' imprisonment based on

1

the plea agreement. The district court then granted Booker's dispositional departure request to supervised probation for 36 months with eligibility for early termination at 18 months if he was fully compliant with the terms of his probation and his probation officer agreed. However, Booker's probation was not terminated early.

In May 2023, Booker, while still on probation, was indicted for conspiracy to use facilities and interstate commerce in furtherance of unlawful activity under 18 U.S.C. § 371. Specifically, Booker was indicted for conspiracy to smuggle drugs—including marijuana, cocaine, heroin, and K2—into a detention center in Jackson County, Missouri. At Booker's revocation hearing, the district court revoked Booker's probation and sentenced him to the underlying sentence of 68 months' imprisonment.

Booker now asserts the district court abused its discretion by imposing his underlying prison sentence when intermediate sanctions were available. Once the district court determines the defendant violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Booker bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

In Booker's motion for summary disposition, he notes the district court had authority to revoke his probation and impose the underlying prison sentence without first ordering sanctions because he received a dispositional departure sentence to probation. See K.S.A. 2020 Supp. 22-3716(c)(7)(B). But this was not the basis for the district court's revocation. The district court revoked Booker's probation for committing a new crime— another statutorily provided reason to revoke Booker's probation. See K.S.A. 2020 Supp. 22-3716(c)(7)(C).

2

The State had the burden to establish the probation violation by a preponderance of the evidence, and it did. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The State presented testimony from a Federal Bureau of Investigation (FBI) special agent reflecting Booker had been indicted for conspiracy to use facilities and interstate commerce in furtherance of unlawful activity by trafficking drugs into a correctional facility. The FBI agent testified Booker's activity at the corrections facility was during the time he was on probation.

The district court made no error of law or fact. The district court found Booker violated the terms of his probation by committing a new crime based on his indictment in May 2023 of conspiracy to use facilities and interstate commerce in furtherance of unlawful activity—trafficking illegal substances into a Missouri detention center. The district court exercised its statutory authority and sound discretion in revoking Booker's probation and imposing his underlying sentence under K.S.A. 2020 Supp. 22-3716(c)(7)(C).

Affirmed.